**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>　　　　　　　Respondent,<br><br>　　　　v.<br><br>HECTOR PABLO RIVERA-DIAZ,<br><br>　　　　　　　Appellant. | No. 79932-1-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

CHUN, J. — Hector Rivera-Diaz appeals his convictions for domestic violence rape in the second degree, domestic violence assault in the second degree, and domestic violence felony violation of a court order. The trial court excluded evidence of the alleged victim's immigration status and her knowledge of a federal program that provides temporary legal resident status to victims of qualifying crimes who assist in prosecution. Rivera-Diaz contends that this violated his constitutional right to present a defense. Because Rivera-Diaz's offer of proof did not suffice under ER 413 for the trial court to rule on its admissibility, we affirm.

## I. BACKGROUND

The State charged Rivera-Diaz with domestic violence rape in the second degree, domestic violence assault in the second degree, and domestic violence felony violation of a court order. Before trial, Rivera-Diaz moved to admit evidence of alleged victim A.G.'s immigration status as an undocumented

immigrant and her knowledge of the "U visa" program. A U visa grants temporary legal resident status to a person who is the victim of a qualifying crime and helps law enforcement investigate or prosecute that crime. 8 U.S.C. §1101(a)(15)(U)(i)(I), (III).

Rivera-Diaz moved to admit this evidence under ER 413, which limits the use of evidence of immigration status. He submitted his offer of proof through counsel, who declared as follows:

> During a defense interview of [A.G.], she stated that she is not a United States citizen and is undocumented.
>
> Defense counsel has reason to believe that based on communications with Mr. Rivera- Diaz, [A.G.] has made statements to the effect of having him arrested so that she could get "papers," meaning documentation to allow her to become a United States citizen or lawful status in the United States.
>
> The charges alleged in this matter constitute criminal activity that would qualify [A.G.] for a U Visa. She alleges that she is a victim and that the facts that constitute physical or mental abuse.

At the pretrial hearing, defense counsel also said:

> I have information that [A.G.] has made statements about having my client put into jail so that she could get papers, or preferring a man who had papers and things of this nature. I don't know that that comes out independent of any other witness than my client, and so I don't want to get into too many of the details as to what he would potentially testify to.

The State submitted a transcript of a defense interview with A.G. In that interview, there was no mention of immigration status or the U visa program. A.G. mentioned there was a lawyer at the school who told her he could help her if she needed help. She said that she spoke to the lawyer but said nothing about

2

talking to him about her immigration status or the U visa program. Indeed, as defense counsel noted:

> It's my fault for probably not clarifying this, in [A.G.]'s transcript that the Court has, she mentioned that a lawyer came to that school and offered to provide her help. I probably should have delved a little bit more into what sort of help that lawyer was offering but there's somewhat of a respect for an attorney/client privilege that I didn't want to, you know, delve too much into that.

There was a second interview of A.G. but no transcript of that interview was provided to the court. According to the prosecutor's recollection of that interview,

> [A.G.] did acknowledge that she is currently undocumented. She did make some statements that would -- while she didn't specifically acknowledge that she was aware of the U Visa program at the time of these allegations and that the U visa program was something that she could have sought out, she did make general statements that seemed to indicate to her -- seemed to indicate that she was aware that she could get some help. She made a statement something like, If I wanted to do something like that, I would have done it back in Kansas.
>
> . . .
>
> She makes a statement that she's very scared of that process; that she's concerned that, by coming forward, she could -- that could result in her deportation, her separation from her children. She also clearly indicates that she has taken no steps whatsoever to apply for a U visa or to seek assistance, status assistance. That -- that has not occurred at all. And there's, that I'm aware of, no other evidence that would indicate that she has taken any steps in that direction.

The court determined that "the prejudicial value outweighs any possible probative value" and excluded the evidence under ER 413.

At trial, A.G. testified in detail regarding how Rivera-Diaz had subjected her to physical and sexual abuse. Other witnesses also testified during the State's case-in-chief. Rivera-Diaz did not testify.

3

The jury found Rivera-Diaz guilty as charged. The jury also found that the second degree rape was an aggravated domestic violence offense because it was committed within the sight or sound of the victim's minor children. The trial court imposed a standard-range indeterminate sentence totaling 158 months to life.

Rivera-Diaz appeals.

## II. ANALYSIS

Rivera-Diaz claims the trial court violated his constitutional right to present a defense by excluding evidence that A.G. was aware she could get immigration related assistance if she accused him of a crime. He contends that had he been able to cross-examine A.G. and testify about her knowledge of the availability of this assistance, he would have revealed the falsity of her accusations.

We review a trial court's limitation of the scope of cross-examination for an abuse of discretion. State v. Darden, 145 Wn.2d 612, 619, 41 P.3d 1189 (2002). A trial court abuses its discretion when it bases its decision on untenable grounds or reasons. Darden, 145 Wn.2d at 619. When a criminal defendant claims a trial court's evidentiary ruling violated the Sixth Amendment right to present a defense, we apply a two-step review process. State v. Arndt, 194 Wn.2d 784, 797-98, 453 P.3d 696 (2019). We review the trial court's evidentiary ruling for an abuse of discretion and consider de novo the constitutional question of whether the ruling denied the defendant the Sixth Amendment right to present a defense.

Arndt, 194 Wn.2d at 797-98 (citing State v. Clark, 187 Wn.2d 641, 648-56, 389 P.3d 462 (2017)).

### A. ER 413

In Washington, a court may admit evidence of immigration status only when the proponent of the evidence follows the procedure set forth in ER 413(a). State v. Bedada, No. 79036-6-I, slip op. at 8 (Wash. Ct. App. May 11, 2020). This rule provides:

> **(a) Criminal Cases; Evidence Generally Inadmissible.** In any criminal matter, evidence of a party's or a witness's immigration status shall not be admissible unless immigration status is an essential fact to prove an element of, or a defense to, the criminal offense with which the defendant is charged, or to show bias or prejudice of a witness pursuant to ER 607. The following procedure shall apply prior to any such proposed uses of immigration status evidence to show bias or prejudice of a witness:
>
> (1) A written pretrial motion shall be made that includes an offer of proof of the relevancy of the proposed evidence.
>
> (2) *The written motion shall be accompanied by an affidavit or affidavits in which the offer of proof shall be stated.*
>
> (3) If the court finds that the offer of proof is sufficient, the court shall order a hearing outside the presence of the jury.
>
> (4) The court may admit evidence of immigration status to show bias or prejudice if it finds the evidence is reliable and relevant, and that its probative value outweighs the prejudicial nature of evidence of immigration status.
>
> (5) Nothing in this section shall be construed to exclude evidence that would result in the violation of a defendant's constitutional rights.

ER 413(a) (emphasis added).

Rivera-Diaz sought to admit evidence of A.G.'s immigration status to show bias or prejudice under ER 413(a). Rivera-Diaz's offer of proof failed to satisfy the rule's requirements. ER 413(a)(2) requires the proponent of the evidence to

submit "an affidavit or affidavits" setting forth the offer of proof, but Rivera-Diaz provided no affidavit or declaration from a competent witness that sets forth what he would prove. He did not submit his own declaration or affidavit. And he did not submit a declaration or affidavit of any other witness. Instead, the only declaration Rivera-Diaz submitted was that of defense counsel,[1] who simply asserted she "has reason to believe" that A.G. "has made statements to the effect of having him arrested so that she could get "papers," meaning documentation to allow her to become a United States citizen or lawful status in the United States."

Rivera-Diaz's failure to meet the threshold requirements of the rule rendered it impossible for the trial court to engage in the balancing analysis under ER 413(a)(4). Not only did the purported offer of proof come in the form of counsel's declaration, it fell short in significant respects; for example, it failed to identify who would testify, the substance of the testimony, when the witness came to learn the substance, and the basis for the witness's knowledge. This deprived the trial court of the ability to evaluate the materiality of the purported evidence and how to address it. To illustrate, had Rivera-Diaz identified himself as the only witness—if the trial court had deemed any of the evidence to be relevant—it could have ordered that A.G. could not be examined regarding the matters unless Rivera-Diaz decided to testify. It could also have addressed

---

[1] The record does not indicate that defense counsel intended to testify at trial as to these matters.

whether to give a limiting instruction to the jury. Accordingly, it was proper to exclude the purported evidence.[2]

B. Sixth Amendment

Rivera-Diaz argues for the first time on appeal that the trial court's exclusion of the evidence at issue deprived him of his Sixth Amendment rights to confrontation and to present a defense. Washington courts have "explicitly adopt[ed] a requirement that a defendant raise an objection at trial or waive the right of confrontation." State v. Burns, 193 Wn.2d 190, 210-11, 438 P.3d 1183 (2019); State v. O'Cain, 169 Wn. App. 228, 248, 279 P.3d 926 (2012) ("a defendant [must] raise a Sixth Amendment confrontation clause claim at or before trial or lose the benefit of the right."). Accordingly, Rivera-Diaz waived the confrontation claim by failing to raise it in the trial court.

Nonetheless, the claim lacks merit. Both the confrontation and compulsory process aspects of the Sixth Amendment can be subject to a reasonable procedural rule. See O'Cain, 169 Wn. App. at 242-44 (citing Melendez-Diaz v. Massachusetts, 557 U.S. 305, 129 S. Ct. 2527, 174 L. Ed. 2d 314 (2009) and Taylor v. Illinois, 484 U.S. 400, 417, 108 S. Ct. 646, 98 L. Ed. 2d 798 (1988)). As discussed above, Rivera-Diaz failed to comply with the reasonable requirements of ER 413,[3] thereby depriving the trial court of a basis

---

[2] While the trial court did exclude the evidence based on balancing under ER 413, we may affirm on any grounds supported by the record. See State v. Streepy, 199 Wn. App. 487, 500, 400 P.3d 339 (2017).

[3] Rivera-Diaz does not challenge the reasonableness of ER 413(a)(2)'s requirements.

to make a ruling. Thus, the trial court properly excluded the evidence and there is no basis for the confrontation claim.

To the extent Rivera-Diaz claims the trial court denied him the right to call any witness as part of the compulsory process, he did not identify any nonparty witness in the offer of proof. Thus, no identified witness was excluded. Nor did the trial court prevent Rivera-Diaz from testifying. Rather, the trial court limited his testimony based on the application of a reasonable state court procedural rule, which is permissible for compulsory process just as it is in the confrontation context. See Chambers v. Mississippi, 410 U.S. 284, 302, 93 S. Ct. 1038, 35 L. Ed. 2d 297 (1973); O'Cain, 169 Wn. App. at 244.

Finally, there is no merit to Rivera-Diaz's claim that he was denied his Sixth Amendment right to present a defense. Because the offer of proof did not suffice for the court to rule on the admissibility of the evidence, there was no evidence to exclude or admit at trial. Accordingly, there is no basis for his claim that the trial court's exclusion of the evidence denied him the right to present a defense.

We affirm.

_____
Chun, J.

WE CONCUR:

_____     _____
Smith, J.                           Dwyer, J.

8